Taut, J.
The question to be decided is whether an individual may be a councilman representing a ward in Youngstown where he is an elector of the ward and over 25 years of age but when he also holds other public employment.
It is apparent that, if the qualifications of such a councilman are to be determined only by the provisions of the Youngstown charter, the answer to this question will be in the affirmative. However, if Section 731.02, Revised Code, is applicable with respect to qualifications for office of a Youngstown councilman, then the answer may be in the negative.
Although Section 3 of Article XVIII of the Constitution limits the authority of municipalities to adopt and enforce “police, sanitary and other similar regulations” to such “as are not in conflict with general laws,” there is no such limitation with respect to the “authority to exercise all powers of local self-government,” which is provided for in Sections 3 and 7 of that Article. It follows that a municipality can, by its charter and in the exercise of powers of local self-government, determine upon qualifications for its councilmen which may be different from those provided for by state statutes relating to municipal corporations. See State, ex rel. Lynch, v. City of Cleveland, 164 Ohio St., 437, 132 N. E. (2d), 118. Therefore, in order to hold for relator, we would have to approve the picking out of only those parts of Section 731.02, Revised Code, which are not inconsistent with the qualifications for a councilman specified by the Youngstown charter; and also approve the adding of the qualifications required by those picked out parts to the qualifications specified in the charter.
It may be that a state statute can be applied where a charter is silent with regard to the procedure to be followed in a particular instance, as the Youngstown charter is with respect to what shall be done when a vacancy occurs in its council. See State, ex rel. Flask, Jr., v. Collins, 148 Ohio St., 45, 73 N. E. (2d), 195; Dubyak, Jr., v. Kovach, Mayor, 164 Ohio St., 247, 129 N. E. (2d), 809; State, ex rel. Sun Oil Co., v. City of Euclid, 164 Ohio *445 St., 265, 130 N. E. (2d), 336. However, the Youngstown charter makes specific provision for the qualifications of its councilmen. There is therefore no necessity to resort to state statutes in considering what those qualifications should be. Cf. State, ex rel. Bruestle, City Solr., v. Rich, Mayor, 159 Ohio St., 13, 31, 32, 33, 110 N. E. (2d), 778. Furthermore, by specifying that its couneilmen shall have certain specific qualifications, the people of Youngstown in their charter have inferentially expressed an intention that those are to be the only qualifications required of them. Expressio unius est exclusio alterius.
Belator relies on sections 1, 2 and 19 of the Youngstown charter as indicating an expression of intention that the state statutes relating to municipal corporations shall apply in determining the qualifications of couneilmen.
To the extent that these sections deal merely with the grant or recognition of or the authority to exercise or enforce powers, they obviously have no application to a problem with respect to the qualifications of a councilman. If we assume that that problem would be related to “the manner” of exercising or enforcing a power referred to in section 1, then we find an intention expressed that such “manner” shall be “as prescribed by this charter, or when not prescribed herein, in such manner as shall be provided by ordinance or resolution of the council.” It is only “in the absence of such provisions” that resort is provided for to “ the manner * * * prescribed by” statute. In view of the provisions of section 5 of the charter specifying qualifications for a councilman as well as the resolution of council electing respondent, there is no “absence of” provisions relative to qualifications which could possibly, under the wording of section 1, justify reference to a statute to determine such or any of such qualifications.
It might also reasonably be argmed that the problem with respect to qualifications of a councihnan would be encompassed by the words “duties and procedure of the council” found in section 19. If we assume that it would be, then we find that such “duties and procedure” are to “be as provided by” statute “except as otherwise provided” in the charter. With respect to the qualifications of a councilman, it has been “otherwise provided” in the Youngstown charter.
*446 Since there is nothing in the Youngstown charter which provides against a councilman holding any other public employment, the writ prayed for is denied.

Writ denied.

Matthias, Zimmerman, Stewart and Bell, JJ., concur.
Weygandt, C. J., and Hart, J., dissent.